IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | In Proceedings Under Chapter 7 |
| MICHELLE N. NORDIKE, | Case No. 12-60037 |
| Debtor(s). | |

OPINION

In this dispute brought by the chapter 7 trustee and Consumer Collection Management ("CCM") against Carrollton Bank ("Carrollton or Bank"), the Court is asked to determine the parameters of effective service when a creditor seeks an order abandoning property from the bankruptcy estate pursuant to 11 U.S.C. § 554(b) and Rule 6007(b) of the Federal Rules of Bankruptcy Procedure. The following facts are uncontroverted.

On February 29, 2012, Carrollton Bank, a mortgage holder on the debtor's real estate commonly known as 17320 Joey Lane, Carlyle, Illinois 62231, filed a combined motion for relief from the automatic stay and abandonment ("combined motion") as permitted by this Court's Local Rule 4001-1. Carrollton served the combined motion on the debtor, the chapter 7 trustee, the United States trustee, and another bank, Germantown Trust and Savings Bank ("interested parties"). When none of the interested parties, including the trustee, objected to the combined motion, the Court entered an order on March 15, 2012, that granted relief from the automatic stay and abandonment to Carrollton. The March 15, 2012 order was served on the debtor, the chapter 7 trustee, the United States trustee, the other bank and Carrollton. Again, none of the interested parties, including the trustee, challenged the March 15, 2012 order and it became final on March 29, 2012.

1

On August 29, 2012, the chapter 7 trustee moved to modify the unopposed final order entered on March 15, 2012. In his motion, the chapter 7 trustee asked that the abandonment portion of the order be stricken and that any provisions purporting to abandon the bankruptcy estate's interest in the real property be removed. The basis of the trustee's motion was that the abandonment was ineffective because the bank's combined motion was not served on all creditors as required under § 554(a) of the Bankruptcy Code and under Bankruptcy Rule 6007(a). The trustee contended, too, that this defect was not corrected by service of the March 15, 2012 order to interested parties only.

On October 31, 2012, Consumer Collection Management ("CCM"), a creditor having an unsecured claim of $2,207.17 against the debtor's bankruptcy estate (claim #2-1),[1] filed a *Joinder of Creditor Consumer Collection Management in Trustee's Motion to Modify Order Lifting Automatic Stay and Abandonment of Property Entered on March 15, 2012* ("*Joinder*"). In its *Joinder*, CCM states that neither it nor its counsel received notice of the combined motion or of the entry of the March 15, 2012 order. Based on lack of notice, it joins in the trustee's motion to modify the March 15, 2012 order to remove any provisions purporting to abandon the real property from the bankruptcy estate.

## DISCUSSION

Before turning to the merits of the parties' dispute, the Court notes that Carrollton has raised an objection to the trustee's participation in this debate. The Bank argues that the trustee squandered his opportunity to object months ago and cannot raise an objection now. However, the Court need not address the trustee's standing to set aside portions of a final order based upon

---

[1] The debtor listed CCM as an unsecured creditor on Schedule F when she filed the bankruptcy case on January 31, 2012.

an omission of service to all creditors that he did not raise earlier.  CCM, an unsecured creditor who was not served with the combined motion or the order of March 15, 2012, has now stepped into the controversy, thereby assuring that the controversy is suitable for determination.  *E.g.,* 10 *Collier on Bankruptcy* 6007.03[2], at 6007-8 (16th ed. 2012) ("If an abandonment order is entered but it is later determined that a party entitled to notice did not receive notice, that party may be able to move for relief from the order.  Fed. R. Civ. P. 60 and Bankruptcy Rule 9024") (footnote omitted).  As a result of CCM's joining in the trustee's arguments, the Court will consider the arguments of CCM only.

A. <u>STATUTORY CONSTRUCTION</u>

  The crux of the parties' dispute centers upon the meaning of certain sections of the Bankruptcy Code that provide the framework for abandonment of estate property, 11 U.S.C. §§ 554(a),(b), and the Rules that implement those sections.  Fed. R. Bankr. P. 6007(a),(b).  To decide which party should prevail, the tenets of statutory construction demand that the Court begin with the language of the statute itself.  *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989).  Where the statute's language is plain, "'the sole function of the courts is to enforce it according to its terms.'"  *Id.* (quoting *Caminetti v. United States*, 242 U.S. 470, 485 (1917)).  This rule of construction is applicable equally to administrative rules such as Rule 6007.  *E.g., Alabama Tissue Center of the University of Alabama Health Service Foundation, P.C. v. Sullivan,,* 975 F. 2d 373, 379 (7th Cir. 1992); *Rucker v. Wabash Railroad Co.,* 418 F. 2d 146, 149-150 (7th Cir. 1969).

  Turning, then, to the text at issue, §§ 554(a) and (b) provide:

> **(a)** After notice and a hearing,[2] the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.
>
> **(b)** On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

11 U.S.C. §§ 554(a),(b) (footnote added). Since Rules 6007(a) and (b) supply the procedural steps to implement §§ 554(a) and (b), they must be examined too. Rules 6007(a) and (b) state:

> **(a) NOTICE OF PROPOSED ABANDONMENT OR DISPOSITION; OBJECTIONS; HEARING.** Unless otherwise directed by the court, the trustee or debtor in possession shall give notice of a proposed abandonment or disposition of property to the United States trustee, all creditors, indenture trustees, and committees elected pursuant to §705 or appointed pursuant to §1102 of the Code. A party in interest may file and serve an objection within 14 days of the mailing of the notice, or within the time fixed by the court. If a timely objection is made, the court shall set a hearing on notice to the United States trustee and to other entities as the court may direct.
>
> **(b) MOTION BY PARTY IN INTEREST.** A party in interest may file and serve a motion requiring the trustee or debtor in possession to abandon property of the estate.

Fed. R. Bankr. P. 6007(a),(b).

---

[2] Section 102(1) defines "after notice and a hearing," or a similar phrase to mean:

> **(A)** after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but
> **(B)** authorizes an act without an actual hearing if such notice is given properly and if—
>   **(i)** such a hearing is not requested timely by a party in interest; or
>   **(ii)** there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act . . . .

11 U.S.C. § 102(1).

Using the plain language approach to derive the meaning of the Code sections and Rules set forth above, the Court finds that § 554(a) confers the authority to abandon estate property on a trustee or debtor in possession[3] upon the filing of a notice.[4]  Rule 6007(a) expressly states that, unless otherwise directed by the court, the trustee must serve such notice on all creditors and parties in interest and must afford them an opportunity to object to the proposed abandonment.  The power to seek abandonment is extended to parties in interest (including creditors like Carrollton) through § 554(b) and Rule 6007(b).  Unlike a trustee, however, an interested party may not simply file a notice of proposed abandonment.  Rather, it must file and serve a motion requesting that the trustee abandon property.[5]  The service requirements set forth in Rule 6007(a), are not restated in Rule 6007(b), however, and this is where the parties' dispute arises.

The parties have divergent views regarding the breadth of service mandated by Rule 6007(b) when a party in interest moves for an order abandoning property from the estate. CCM's position relies upon the language of Rule 6007(b), directing a party in interest to file and serve a motion "requiring the trustee or debtor in possession to abandon property of the estate." Fed. R. Bankr. P. 6007(b).  According to this argument, the quoted language triggers the trustee or debtor in possession service requirements of Rule 6007(a) even when the movant is a creditor seeking abandonment under Rule 6007(b). In addition, CCM contends that it would be illogical

---

[3]  Section 554(a) refers only to a "trustee." However, under 11 U.S.C. § 1107(a), the debtor in possession has the rights of a trustee.  In addition, Rule 6007(a) expressly extends the reference to a "debtor in possession." For purposes of this discussion, when the Court refers to a trustee, the reference is intended to include a debtor in possession as well.

[4]  Abandonment under § 554(a) is accomplished by the trustee providing notice of an intent to abandon property and an opportunity to object to all creditors and other interested parties.  If no objections are forthcoming, the property is deemed abandoned without an order from the court. 5 *Collier on Bankruptcy* ¶ 554.02[4], at 554-7 (16th ed. 2012).

[5]  Abandonment under § 554(b) requires a creditor to obtain an order from the Court compelling the trustee to act.  *Id.*

to have different service requirements when a trustee abandons property of his own accord as opposed to under compulsion brought about by a creditor's motion.

In contrast, Carrollton raises two related arguments supporting its position that its combined motion was noticed properly though sent to less than all creditors. In both arguments, Carrollton invokes the Court's discretion under the Bankruptcy Rules to limit service when a creditor seeks abandonment. Carrollton's initial premise is that Rule 6007(a)'s service requirements are inapplicable here because Rule 6007(b) alone pertains to a motion to abandon brought by a creditor. However, according to Carrollton, Rule 6007(b) is silent on the topic of those parties entitled to service of an abandonment motion. Carrollton asserts that this silence directs the Court to Rule 9013,[6] where "if . . . the entities to be served are not specified by these rules, the moving party shall serve the entities the court directs." *Id.* In Carrollton's estimation, in Local Rule 4001-1, this Court has directed that the entities to be served with combined relief from stay/abandonment motions comprise the limited list of "respondents" described in the Local Rule. Bankr. S.D. Ill. R. 4001-1.[7] In a related argument that leads, again, to Local Rule 4001-1, Carrollton contends that even if Rule 6007(a)'s service requirements are found to be applicable

---

[6] Rule 9013 provides in pertinent part:

> A request for an order . . . shall be by written motion. . . . Every written motion . . . shall be served by the moving party on the trustee or debtor in possession and on those entities specified by these rules or, **if** service is not required or **the entities to be served are not specified by these rules, the moving party shall serve the entities the court directs.**

Fed. R. Bankr. P. 9013 (emphasis added).

[7] See text of Local Rule 4001-1, *infra* p.10-11.

to a creditor's abandonment motion, the introductory clause of Rule 6007(a) is controlling.[8] This clause allows a court to direct that service shall be "otherwise" than as stated in Rule 6007(a). Thus, according to Carrollton, whether the path is via Rule 9013 or Rule 6007(a), the Court has provided in Local Rule 4001-1 for limited notice when a motion to abandon estate property is combined with a motion seeking relief from the automatic stay. To further support this argument, Carrollton stresses that practitioners in this District have a long history of serving combined motions only on the list of "respondents" described in the Local Rule. For the reasons that follow, the Court rejects Carrollton's arguments and concludes that the express language of Rules 6007(a) and (b) demands that all creditors receive notice of a proposed abandonment, regardless of whether the abandonment is sought by a trustee, a debtor in possession, or a creditor or other party in interest.

It is uncontroverted that the language of § 554(a) permits only a trustee to abandon property of the estate. *In re Gantt*, 98 B.R. 770, 771 (Bankr. S.D. Ohio 1989); *In re Wideman*, 84 B.R. 97, 101 (Bankr. W.D. Tex. 1988). Moreover, a trustee may accomplish abandonment only by following the procedures set forth in Rule 6007(a). That Rule instructs that unless the Court directs otherwise, a chapter 7 trustee seeking to abandon property must serve notice of the proposed abandonment on all creditors as well as on the other interested parties set forth in the Rule.[9]

---

[8] The introductory clause of Rule 6007(a) provides that "[u]nless otherwise directed by the court," the trustee or debtor in possession shall give notice of a proposed abandonment to all creditors.

[9] No party to this dispute has suggested that the Court has directed service to less than all creditors when service is made by a trustee or debtor in possession under § 554(a) and Rule 6007(a).

A congruent situation arises when a creditor or other interested party seeks an order from the Court abandoning property from the bankruptcy estate. Rule 6007(b) supplies the mechanism for a creditor to obtain that order. The Rule provides that the creditor's objective can be accomplished only by "fil[ing] and serv[ing] a motion requiring the trustee or debtor in possession to abandon property of the estate." Fed. R. Bankr. P. 6007(b). Therefore, when a creditor files a motion for abandonment pursuant to Rule 6007(b), the creditor is, in fact, asking the Court to compel the trustee to abandon property from the estate. *In re Preston*, 82 B.R. 28, 30 (Bankr. W.D. Va. 1987) ("Rule 6007(b) contemplates that a . . . creditor or other party in interest has requested the trustee to voluntarily abandon property pursuant to 6007(a) and that the trustee . . . has declined to do so"). Since a trustee, in turn, may abandon property only after affording notice to all creditors as Rule 6007(a) mandates, it follows that a petitioning creditor cannot effect trustee action without "serving" equivalent notice upon all creditors. *See, e.g., In re Wideman*, 84 B.R. at 101 (If a creditor who moves to compel abandonment by a trustee serves notice to all entities listed in Bankruptcy Rule 6007(a), "it elevates form over substance to require a renoticing by the trustee to the same creditors all over again. . . ."). Stated another way, because a creditor who seeks abandonment is directed by the language of Rule 6007(b) to turn to the trustee to obtain this relief, the service requirements placed upon the trustee in Rule 6007(a) are incorporated by this reference into Rule 6007(b). Ultimately, the trustee is the party who abandons the property whether on his own volition or at the request of a party in interest pursuant to Court order. As a result, Rule 6007(a)'s requirement of notice to all creditors is binding on a creditor who proceeds under Rule 6007(b).

The reasoning in *In re Caron*, 50 B.R. 27, 29-30 (Bankr. N.D. Ga. 1984), is instructive. In *Caron,* the court refused to grant a motion for entry of a consent order for abandonment where

8

insufficient notice was given. The consent motion, along with a proposed consent order signed by the trustee, a secured creditor, and debtor's counsel, was tendered to the court. The motion was not, however, served on all creditors. In denying the motion, the bankruptcy judge examined Rule 6007 and explained:

> The fact that Subdivision (b) of . . .[R]ule [6007] permits a creditor to file a motion for abandonment does not cancel the notification requirement specified in Subdivision (a). . . .
>
> Here both the trustee and the debtor agreed in advance to the motion of the party in interest for abandonment. Does that mean that no other parties in interest need be given notice of this Motion for Abandonment? This Court answers in the negative. The Court holds that the consent of the creditor, the trustee and the debtor together in the motion cannot be used to circumvent the notification to all creditors as provided in the rule. A Rule 6007(b) motion by a party in interest agreed to by the trustee (and the debtor) is the equivalent of the trustee making a motion under Subdivision (a) of Rule 6007 to abandon the property. Subdivision (a) specifically requires notice to all parties in interest . . . .There is no less reason that all parties in interest should receive notification of the Rule 6007(b) motion of a party in interest to require the trustee to abandon property than there is for all parties in interest to receive notification of the Rule 6007(a) notice of the trustee to abandon property. The purpose of the notification to parties in interest is to provide an opportunity for any potential opposition to the abandonment of such property to file objections and be heard by the Court.

*Id.* (footnote omitted).

The Bank, however, raises the argument that Local Rule 4001-1, or longstanding practice in this District, brings a different result. Carrollton contends that in Local Rule 4001-1 this Court has issued discretionary service directions by allowing an abandonment motion to be combined with, and subject to, the narrower service requirements of a motion for relief from the automatic stay. According to Carrollton, when combined with a motion seeking relief from the

automatic stay, a motion to abandon need only be served on the limited list of "respondents" described in the Local Rule and not on all creditors.

Admittedly, a court can vary the parties entitled to notice either by local rule or by order in a specific case. *E.g.,* 10 *Collier on Bankruptcy* ¶ 6007.02[1][a], at 6007-3 (16th ed. 2012). Nonetheless, despite Carrollton's assertions to the contrary, this Court did not authorize truncated service in this case. At no time did Carrollton seek or obtain a case-specific ruling that service would be limited to interested parties.[10]  Further, Carrollton's reliance on Local Rule 4001-1 is misplaced. The Local Rule in effect when the combined motion was filed, and when the March 15, 2012 order was entered,[11] provided in pertinent part:

> 4001-1.   Relief from Stay Motions.
>
> A motion for relief from stay must be filed as a separate pleading, except such motion may also include a request for abandonment or adequate protection.
>
> > A. <u>Content of Motion for Relief from Stay.</u>  A motion for relief from stay shall:
> >
> > > 1. name as respondents the debtor, the case trustee . . . and, to the extent known to the moving party, any other entity that may have a legal or equitable interest in the property which is the subject of the motion;
> > >
> > > . . . .
> >
> > B. <u>Notice of Motion</u>.  A Notice under this section must be filed along with the motion for relief from stay and served on all respondents. The Notice shall comply with the following form. . . .

---

[10] At least one court has held that the service requirements of Rule 6007 may only be modified on motion filed prior to the request for abandonment. *In re Caron*, 50 B.R. at 32.

[11] The Court adopted new Local Rules on June 1, 2012.

Bankr. S.D. Ill. R. 4001-1 (effective July 31, 1996 to May 31, 2012). Carrollton asserts that because the Local Rule allowed a creditor to dovetail a request for abandonment within a motion for relief from the automatic stay, the service requirements delineated in the Local Rule for stay modification overrode those of Rule 6007. A careful reading of Local Rule 4001-1, however, reveals that the provision permitting a combined motion is intended only as an exception to the Court's requirement that a motion seeking relief from the automatic stay be filed as a "separate pleading." The structure of the Local Rule is such that paragraphs A. and B., on which the Bank relies specifically, never mention abandonment but rather deal exclusively with relief from stay motions. The published form of Notice contained within the Local Rule, and remaining paragraphs C through E, likewise deal singularly with relief from stay motions. As a result, Local Rule 4001-1 does not address the service requirements for abandonment motions and cannot be construed as directing service in a way that conflicts with the method of service provided in Rules 6007(a) and (b). *See, e.g., Catalano v. C.I.R.*, 279 F.3d 682, 687 (9th Cir. 2002). The past practice of parties in this District does not alter this result. *See, e.g., In re Consupak, Inc.*, 87 B.R. 529, 545 (Bankr. N.D. Ill. 1988) (rejecting a trustee's argument that his conduct was acceptable since it conformed with prevailing practice, although at odds with a Local Rule). The Bank has not cited any authority to the contrary. The Court has determined that Rule 6007(b) is not silent in regard to service since it incorporates the service requirements placed upon the trustee in Rule 6007(a). Local Rule 4001-1 does not allow a departure from the rules of service in Rule 6007 for abandonment motions. Moreover, the Court has not designated a different method of service by default.

Beyond the textual analysis above, CCM argues that it would be illogical for the drafters to require broad service by a trustee who is abandoning property on his or her own volition while permitting more limited service when the trustee is compelled to act by a creditor's motion. The Court is in accord with this position since it finds no basis to distinguish between the requirements of service in the two situations. *See, e.g., In re Caron*, 50 B.R. at 29-30.

B.   EFFECT OF IMPROPER SERVICE

Taking its analysis a step further, CCM argues that the lack of service of the combined motion on all creditors, in violation of Rules 6007(a) and (b), nullifies the abandonment of the real estate and forces the Court to strike the abandonment provisions of the March 15, 2012 order. In opposition, Carrollton counters that the provisions granting abandonment in the order of March 15, 2012, are irrevocable.

Carrollton is correct in asserting that, as a general rule, abandonment of estate property is irrevocable. *Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 618 (7th Cir. 2002); *Chartschlaa v. Nationwide Mut. Ins. Co.*, 538 F.3d 116, 123 (2d Cir. 2008); *Catalano v. C.I.R.*, 279 F.3d at 686; *In re American Remanufacturers, Inc.*, 439 B.R. 633, 636 (Bankr. D. Del. 2010). However, this principle is predicated on the assumption that the abandonment of estate property was properly accomplished in the first instance. *In re Missouri River Sand & Gravel, Inc.*, 88 B.R. 1006, 1010 (Bankr. D. N.D. 1988) ("Abandonment once made is generally regarded as irrevocable providing it is made knowingly and **properly**") (emphasis added).Where a trustee or interested party is not in compliance with the requirements of § 554 and/or Rule 6007, an attempted abandonment is ineffective. *See, Morlan*, 298 F.3d at 618. As the Seventh Circuit explained, "[t]he requirements [for abandonment] are exacting, in recognition of the potential harm to creditors from the trustee's abandoning property to which they would

otherwise be entitled. . . . ." *Id.* *See also Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 709-10 (9th Cir. 1986); *Dunlap v. Independence Bank*, No. 4:07-CV-00064, 2007 WL 2827649, at *2-3 (W.D. Ky. Sept. 28, 2007), *partially reconsidered*, No. 4:07-CV-00064, 2007 WL 4104843, (W.D. Ky. Nov. 15, 2007) (quoting *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d at 709) ("[T]he statutory requirement for notice and a hearing prior to abandonment is clear . . . . '[T]here is no abandonment without notice to creditors'") (internal citations omitted); *In re Howard Nat'l Corp.*, 70 B.R. 278, 282 (N.D. Ill. 1987) ("Bankruptcy Rule 6007 requires that reasonable notice must be given to *all* creditors of a motion to abandon property so that they have an opportunity to object or approve"); *In re Clower,* 463 B.R. 573, 577-78 (Bankr. N.D. Ga. 2011) (a provision abandoning property within a relief from stay motion was ineffectual because, *inter alia*, prior notice was not given to all creditors and parties in interest); *In re Sneijder*, 407 B.R. 46, 50 n.4 (Bankr. S.D.N.Y. 2009); *In re Leavell,* 141 B.R. 393, 404 (Bankr. S.D. Ill. 1992); *In re Missouri River Sand & Gravel, Inc.*, 88 B.R. at 1010. Since Carrollton did not serve its combined motion on all creditors, as required by Rules 6007(a) and (b), the Court concludes that the real property at issue was not abandoned from the bankruptcy estate and the abandonment provisions of the March 15, 2012 order are revocable.

## CONCLUSION

Based on the reasons set forth above, the Court holds that the express language of Rules 6007(a) and (b) demands that all creditors receive notice of a proposed abandonment, regardless of whether the abandonment is sought by a trustee, a debtor in possession, or a creditor or other party in interest. This requirement is not modified by Local Rule 4001-1 or by the history of practice in this District. As a result, in the instant case, service of the February 29, 2012 combined motion on less than all creditors was ineffective to cause the abandonment of the real

13

property from the bankruptcy estate and renders revocable the abandonment provisions of the March 15, 2012 order.

    See Order entered this date.

ENTERED: January 4, 2013

                                        /s/ Laura K. Grandy
                                    UNITED STATES BANKRUPTCY JUDGE